BOHRER & LUKEMAN, PLLC
5 Columbus Circle, Suite 1501
New York, NY 10019
Phone No.: 212-406-4232
Fax No.: 212-202-4440
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTHEW GREEN
                              Plaintiff,

        -against-

AMERICAN AIRLINES, INC.,

                              Defendant.
-----------------------------------------------------------x

**COMPLAINT & JURY TRIAL DEMAND**

Index No.:

        The Plaintiff, MATTHEW GREEN, by his attorneys BOHRER & LUKEMAN, PLLC, as and for his complaint against Defendant, AMERICAN AIRLINES, INC., alleges the following upon information and belief:

**<u>JURISDICTION AND VENUE</u>**

        1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1332, insofar as there exists complete diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

        2.      Jurisdiction is further proper in that this matter involves travel by commercial air carrier to the State of New York and thus meets or exceeds the constitutional requirements to maintain this action.

        3.      Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, a substantial part of the events or omissions giving rise to the claim occurred aboard a commercial airline flight en-route to this judicial district.

        4.      Plaintiff MATTHEW GREEN is a citizen and resident of the State of

1

Virginia.

5.      Defendant AMERICAN AIRLINES, INC. ("American") is a for-profit corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 1 Skyview Drive, MD8B503, Fort Worth, Texas.

6.      Defendant AMERICAN is authorized to do business in New York

7.      Defendant AMERICAN was and is a common carrier engaged in the business of transporting passengers for hire by air.

8.      Defendant AMERICAN operates regularly scheduled commercial passenger flights to and from the State of New York.

9.      In furtherance of its business as a commercial air carrier of passengers, Defendant AMERICAN employs individuals in the State of New York.

10.      In furtherance of its business as a commercial carrier of passengers by air, Defendant AMERICAN maintains offices for the transaction of business in the State of New York.

11.      Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action involved travel to the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**

12.      On or about June 18, 2025, Plaintiff MATTHEW GREEN was a passenger lawfully traveling aboard AMERICAN Airlines Flight AA 4360 from Norfolk, Virginia, (ORF) to LaGuardia Airport in Queens New York. (LGA) ("the subject flight").

13.      On June 18, 2025, Defendant AMERICAN employed a cabin crew responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

14.      The subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant AMERICAN.

15. On June 18, 2025, Defendant AMERICAN was responsible for the training, management, supervision, and/or control of its cabin crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol with respect to the service of hot beverages and liquids.

16. Moreover, as a common carrier of passengers by air, Defendant AMERICAN owes its passengers the highest duty of care with respect to safety and known risks.

17. On June 18, 2025, Plaintiff was served a scalding hot beverage aboard the subject flight.

18. Upon information and belief, AMERICAN equips its aircraft with lids intended to cover hot beverages.

19. Said lids are designed to fit onto the tops of hot beverage cups.

20. One reason AMERICAN places lids on hot beverages aboard its aircraft is to reduce the risk of a known harm to passengers.

21. Despite having said lids aboard its aircraft during the Subject Flight, the aforesaid scalding hot beverage was served by a member of AMERICAN's cabin crew to the Plaintiff without a lid.

22. Said scalding hot beverage was served without a lid in violation of AMERICAN's own rules, practices and procedures.

23. While serving the hot uncovered beverage to the Plaintiff, AMERICAN's cabin crew member aboard the subject flight dropped or otherwise caused the uncovered cup containing scalding liquid to fall onto the Plaintiff.

24. Said hot beverage fell and scalded Plaintiff, due to the negligence, carelessness and/or recklessness of one or more Defendant AMERICAN's cabin crew members who are its employees, agents and/or servants.

3

25.     The Plaintiff did not cause the hot beverage to fall or spill onto himself.

26.     The Plaintiff is free from comparative fault.

27.     On June 18, 2025, while seated aboard the subject aircraft, Plaintiff was injured as the result of contact with hot liquid.

28.     While seated aboard the subject aircraft, Plaintiff suffered serious burns due to the negligence, carelessness and/or recklessness of one or more of Defendant AMERICAN's cabin crew members who are its employees, agents and/or servants.

29.     As a result of said negligence, carelessness and/or recklessness, Plaintiff was injured.

30.     As a result of said negligence, carelessness and/or recklessness, Plaintiff was seriously injured.

31.     As a result of said negligence, carelessness and/or recklessness, Plaintiff was permanently injured.

32.     As a result of said negligence, carelessness and/or recklessness, Plaintiff suffered great pain, agony, and mental anguish, and in the future shall continue to suffer from same.

33.     As a result of said negligence, carelessness and/or recklessness, Plaintiff suffered economic loss, and in the future shall continue to suffer from same.

34.     As a result of said negligence, carelessness and/or recklessness, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

35.     As a result of said negligence, carelessness and/or recklessness, Plaintiff was deprived of his enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

4

**WHEREFORE**, MATTHEW GREEN, demands judgment against Defendant AMERICAN AIRLINES, INC. in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

Dated: June 9, 2026

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: June 9, 2026

BOHRER & LUKEMAN, PLLC

_____
Abram I. Bohrer, Esq. (AB4336)

5